THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR08-0377-JCC |
| Plaintiff, | ORDER |
| v. | |
| DEE OBEE, | |
| Defendant. | |

This matter comes before the Court on Defendant Dee Obee's motion for early termination of probation (Dkt. No. 24). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

Defendant pled guilty to one count of transporting child pornography. (Dkt. No. 4.) In May 2009, the Court sentenced Defendant to a mandatory minimum sentence of 60 months in prison, followed by five years of supervised release. (Dkt. Nos. 11, 12.) After completing his prison sentence in May 2013, Defendant began his term of supervised release. (Dkt. No. 24 at 2.)

In January 2016, Defendant admitted to violating the conditions of his supervised release when he had unauthorized contact with minors on two occasions, and subsequently lied to his probation officer about the contact. (Dkt. Nos. 14 at 1–2, 23.) The Court sentenced Defendant to

a period of time served, imposed 60 days of home detention, and extended Defendant's term of supervised release by five years. (Dkt. No. 23.)

Defendant now asks the Court to terminate his term of supervised release approximately 24 months early because, "[t]here is nothing further for [him] or society to gain by continuing him on federal supervision for the last years of his life." (Dkt. No. 24 at 4.) Both the Probation Department and the Government object to early termination. (*Id*. at 2.)

## II. DISCUSSION

The Court may terminate a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In deciding whether early termination is appropriate, the Court must consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, and the need to avoid disparity among similarly situated defendants. 18 U.S.C. § 3583(e) (citing to factors listed by 18 U.S.C. § 3553(a)); *United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014).

In pleading guilty to one count of transporting child pornography, Defendant admitted to sending six images of actual minors engaged in sexually explicit conduct to an undercover FBI agent. (Dkt. No. 6 at 5.) In a subsequent search of Defendant's home, the FBI recovered an additional 18 images constituting child pornography. (*Id*. at 6.) Defendant is 80 years old and has completed more than five years of supervised release. (Dkt. No. 24 at 3.) Outside of this conviction, Defendant has no other criminal history. (Dkt. No. 10 at 5.) The Court does not perceive any disparity if it were to terminate Defendant's supervision early.

However, the need to deter future criminal conduct and protect the public from further crimes weigh against early termination. Defendant was terminated from sexual deviancy treatment because he "had done little to change his internal motivating factors for his offense." (Dkt. No. 14 at 2.) Moreover, he violated the terms of his supervision by having unauthorized

contact with minors on multiple occasions, and lied to his probation officer about those contacts. (*Id*. at 1–2.) Notwithstanding the factors that weigh in favor of early termination—Defendant's age and his lack of criminal history—Defendant's conduct on probation suggests that there is a possibility he will reoffend. Given the nature of Defendant's offense, the need to protect the public from further crimes, and Defendant's conduct on probation, the Court finds that early termination would not be in the interest of justice.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for early termination of probation (Dkt. No. 24) is DENIED.

DATED this 4th day of January 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE